ROSA ROSENFELD, Respondent, Appellant, v. SAMUEL LEVINE and ROSE LEVINE, His Wife, Appellants, Respondents.

First Department, November 27, 1936.

*Bennett E. Siegelstein*, for the plaintiff.

*Avel B. Silverman*, for the defendants.

McAvoy, J. Plaintiff sued the defendants in City Court to recover the sum of $1,586.33, with interest from July 21, 1931, alleged to represent the deficiency after foreclosure upon a bond and mortgage in the sum of $10,000 given by defendants to one Simon Hecht.

Neither side produced witnesses, the entire evidence in the case being limited to a stipulation which the parties made as to the facts in the controversy.

On May 7, 1928, the defendants Levine, being the owners of the premises in question, executed a bond and mortgage in the sum of $10,000 to one Simon Hecht. The mortgage recited that it was subject to a prior mortgage in the sum of $30,000, then a lien against the premises, and to any renewals or extensions thereof, and that the surplus of any replaced mortgage in excess of $30,000 was to be applied to the reduction of the instrument then executed.

Subsequent thereto, and on June 4, 1928, the defendants Levine conveyed the premises to the Rose Construction Co., Inc., subject to the first mortgage of $30,000, subject further to the second mortgage of $10,000 given to Hecht, and subject further to a third purchase-money mortgage which the Levines received from the Rose Construction Co., Inc., to secure a part of the purchase price on such sale.

On May 31, 1929, Hecht instituted foreclosure upon his mortgage, naming as defendants the Rose Construction Co., Inc., the owners, and various other parties, including the defendants Levine. The defendants Levine, being served with process in that foreclosure, defaulted in appearance. Such proceedings were thereafter had in

the foreclosure action as resulted in the entry of a judgment of foreclosure and sale on October 1, 1929.

The judgment as thus entered adjudicated the amount due upon the Hecht mortgage to be $11,149.55, with interest from September 23, 1929. The judgment decreed that the mortgaged premises be sold pursuant to law under the direction of a referee; that such sale be made subject to the first mortgage in the sum of $30,000 held by the Bowery Savings Bank; that out of the proceeds of the sale the referee, after paying his expenses, pay the sum of $11,149.55, with interest, to Simon Hecht, the foreclosing mortgagee, and deposit the balance with the city chamberlain. It was further provided that, if the proceeds of such sale be insufficient to pay the amount due upon the Hecht mortgage, judgment be granted against the Levines for the deficiency. The property was not sold pursuant to this judgment.

An order was entered on February 28, 1930, directing Hecht to execute an assignment to one Jack Keisler of the bond and mortgage in suit and of the interlocutory judgment of foreclosure and sale thereon upon payment of certain sums specified in the order, and further providing that Keisler, the assignee, execute and deliver to Hecht a subordination agreement subordinating the said judgment, bond and mortgage, given by these defendants Levine to Hecht, to the lien of a third mortgage dated June 4, 1928.

Defendants Levine were not parties to that proceeding, had no notice or knowledge thereof, nor ever gave their consent thereto.

The judgment of foreclosure and sale was assigned by Hecht to Keisler, and the bond and mortgage were likewise assigned. The assignment of the Hecht bond and mortgage contained a provision that the same was subject to a first mortgage of $30,000 and a second mortgage of $10,000, thus making it a third lien, whereas the mortgage had originally been executed by defendants Levine to Simon Hecht subject only to a first mortgage of $30,000, and the judgment of foreclosure thereon had so adjudged. The original third mortgage of $10,000 to which the Hecht mortgage was thus made subject by the assignment, was the mortgage received by Samuel Levine as part of the purchase price upon the sale of the premises by him to the Rose Construction Co., Inc.

Simultaneously with the assignments from Hecht to Keisler, these two individuals entered into a subordination agreement, which subordination agreement was recorded in the register's office. By the terms of this agreement the change in the position of the second and third mortgages was effected and placed on record. By it Levine, originally a mortgagor upon a second lien, as determined by the judgment of foreclosure, and subject only to a

$30,000 mortgage, became a third mortgagor, subject to liens of $40,000. By this arrangement, the Rose Construction Co., Inc., originally obligor upon a third mortgage to Levine, became obligor upon a second mortgage.

This arrangement was made solely between Hecht and Keisler. The latter acquired the mortgage acting for and in behalf of the owner of the fee, the Rose Construction Co., Inc., at whose request and for whose benefit all of these arrangements were carried out. This appears from the complaint, and the defendants Levine are in no way mentioned as either having participated in or having knowledge of these events.

Subsequently, on April 1, 1930, Samuel Levine instituted an action in the Supreme Court to foreclose his mortgage of $10,000, which he had received from the Rose Construction Co., Inc., at the time of the sale of the property to the latter. Thereafter proceedings were had in the foreclosure suit by Levine resulting in a judgment of foreclosure and sale on October 16, 1930. On November 14, 1930, the premises were sold at public auction.

The sale resulted in a surplus after the payment of the amount due to Levine upon his bond and mortgage. The property was sold for $62,000 ($32,000 over the first mortgage). Of the amount thus received, the referee paid Levine the amount due on his bond and mortgage, and deposited the surplus of $12,572.35.

Notice of the appointment of a referee in surplus money proceedings, the filing of his report and the confirmation thereof, were given to Mr. Jay A. Gilman, acting as attorney for the Levines, the foreclosing plaintiffs.

In the meantime, the bond and mortgage originally owned by Hecht and which had been foreclosed by the judgment of October 1, 1929, had been assigned from Keisler to one Gans, who thereafter assigned to the plaintiff.

In the surplus money proceedings, Gans, the then owner of the Hecht mortgage (which by reason of the subordination had become a third lien), received the sum of $11,888.90.

Under the judgment of foreclosure and sale on the Hecht mortgage, the amount found to be due thereon was $11,149.55 and costs. There is no evidence in the record to indicate why the surplus of $12,572.35 resulting in the Levine foreclosure, was not sufficient to discharge it in full, but rather resulted in the deficiency in the amount of $1,586.33 sued upon.

On January 19, 1932, Keisler, the then owner of the Hecht mortgage, applied for a deficiency judgment, which was denied. Subse-

quently on April 13, 1934, leave to commence this action was granted by the Supreme Court.

This suit was brought and tried in the City Court. Plaintiff contended that the judgment of foreclosure, dated October 1, 1929, entered in the suit instituted by Simon Hecht, was *res adjudicata* and absolutely binding and conclusive upon the defendants; that by the subordination agreement these defendants were placed in a position of great advantage in many respects in that the third mortgage held by defendant Samuel Levine became a second mortgage; that no agreement or stipulation of any kind was made releasing them from the liability for a deficiency provided for under the judgment of foreclosure and sale dated October 1, 1929. Plaintiff also contended that the fact that no sale occurred under the judgment of foreclosure and sale dated October 1, 1929, does not preclude the plaintiff therein from recovering a deficiency judgment on the bond against these defendants; that the referee's report in the surplus money proceedings bound the defendants and was conclusive on the parties to that action.

Defendants contended that the subordination of the bond and mortgage in suit, effected without their knowledge and consent, discharged them from liability for any deficiency; that the fixation of the defendants' liability under the judgment of foreclosure of October 1, 1929, does not alter these principles of law; that the defendants were not bound or affected by the report of the referee in surplus money proceedings.

Both sides moved for the direction of a verdict. The court granted judgment for the plaintiff for $1,941.33.

Defendants appealed to Appellate Term, and that court modified the judgment with the following opinion:

" The effect of the assignment of the original bond and foreclosed second mortgage and of the subordination of the mortgage without appellants' consent was to waive respondent's right to recover under the deficiency provision in the foreclosure judgment. Otherwise appellants would be liable for a deficiency based on prior liens greater in amount than those existing at the time the judgment was entered. However, there appears to be no reason why appellants' liability under their bond should not be held to persist. Respondent was entitled, therefore, to the sum due under said bond less the amount received in the surplus proceeding.

" Judgment modified by reducing plaintiff's recovery to the sum of $624.57, with interest from July 10, 1935, and costs, and as modified affirmed. without costs." (One judge dissented and voted to affirm.)

Plaintiff here contends that the Appellate Term erred in reducing the judgment rendered by the Trial Term, because she was deprived of sums of money due and owing and actually adjudicated as payable by the defendants, viz., the costs and disbursements of foreclosure, amounting to $574.55, with interest from October 1, 1929, advertising expenses of $407.30, with interest from February 28, 1930, and attorney's fee of $25, with interest from February 28, 1930.

On May 31, 1929, attorney Gilman represented Hecht in that foreclosure action. On February 28, 1930, Mr. Gilman was present when the execution of the subordination agreement took place. On April 1, 1930, Mr. Gilman represented Samuel Levine in the action to foreclose his mortgage of $10,000. Plaintiff contends that the only inference to be drawn from those facts is that Mr. Gilman brought about the switching of places by the second and third mortgagees, intending to place Levine in a position of advantage.

The record fails to disclose any knowledge on the part of defendants Levine of the subordination of the mortgage upon which they are sought to be held. Plaintiff's assertion that the Levines had knowledge of the manipulations of the mortgage arranged between Hecht and Keisler, acting for the owner of the fee, because Mr. Gilman, who acted for Hecht, was subsequently retained by these defendants, is not a sound statement of law or inference of fact. At the time Gilman was the attorney for Hecht, the Levines were defendants, and, therefore, opposed in interest. When the Levines engaged Gilman to institute their foreclosure in April of 1930, even though it might be said that Gilman then disclosed to them what had occurred earlier, without their knowledge and consents, it cannot be asserted that such knowledge is chargeable to the defendants *ex post facto*. Nowhere in the complaint is it alleged that the Levines had knowledge of or consented to the subordination.

But knowledge is not sufficient to prevent the discharge of these defendants for their liability upon the bond. Consent is essential. (*McDonough* v. *Mancuso*, 234 App. Div. 161.)

The defendants were discharged by the subordination made without their consent. (*McDonough* v. *Mancuso, supra.*)

The fixation of the defendants' liability under the judgment of foreclosure of October 1, 1929 (*Hecht* v. *Levine*), does not alter these principles of law. That judgment provided that the sale be made subject only to a first mortgage in the sum of $30,000, and that these defendants' liability be predicated upon that fact. Under no circumstances can the liability of these defendants be extended, deferred or made greater through any act of the judgment creditor,

Hecht, performed without the knowledge and consent of these defendants.

There can be no estoppel chargeable against these defendants arising out of the commencement of the foreclosure action by Samuel Levine in April, 1930, inasmuch as all of the acts of Messrs. Hecht and Keisler had already been completed and the subordination recorded in the register's office before the institution of the action, without the knowledge or consent of these defendants. At the time of the institution of Levine's foreclosure action, it was necessary for him to insert as parties defendant in his complaint the holders of the Levine to Hecht mortgage. This in no sense implies a consent to the change in the position of these mortgages.

The defendants were not bound or affected by the report of the referee in the surplus money proceedings.

The deficiency itself was created solely by reason of independent negotiations between Hecht and the owner of the fee, resulting in the incurring of additional expenses, which are not chargeable to these defendants.

Where the right to a deficiency is denied to a mortgagee the right to sue upon the bond after judgment of foreclosure falls with the denial of the application for a deficiency judgment. Therefore, the court below was in error in holding that the defendants' liability under their bond persisted, and allowing recovery for the sum due under the bond less the amount received in the surplus proceeding.

The determination appealed from should be reversed, the judgment of the City Court reversed and the complaint dismissed, with costs to the defendants in all courts.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Determination of the Appellate Term unanimously reversed and judgment of the City Court reversed and the complaint dismissed, with costs to the defendants-appellants in all courts.